BANK OF PERCIVAL et al., Appellees, v. FARMERS' NATIONAL BANK, Appellee, C. D. BUTTERFIELD, Appellant.

**PLEADING:** Petition—Prayer for Relief—Sufficiency—Practical
1 Construction of Parties—Estoppel. He who by his conduct has recognized that his adversary's pleading is sufficient to justify certain relief will be bound thereby on appeal.

**APPEAL AND ERROR:** Persons Entitled to Allege Error--Inviting
2 Action Complained of. An appellant may not complain of the form of a decree which was entered by the trial court at his special instance.

SUBROGATION:   Action to Enforce—Form of Decree—Principal
3 and Agent. In a joint equitable action against a principal and
agent for the wrongful acts of the agent, it is proper to so shape
the decree that the principal, upon payment of the judgment,
will be subrogated to the rights of the plaintiff.

*Appeal from Fremont District Court.*—A. B. THORNELL,
Judge.

TUESDAY, APRIL 3, 1917.

SUIT in equity for an accounting and for general equitable relief. There was a decree as prayed. The defendant Butterfield appeals.—*Affirmed.*

*Saunders & Stuart,* for appellant.

*T. S. Stevens,* for appellee Farmers National Bank.

*Tinley, Mitchell & Thornell,* for appellees Bank of Percival et al.

EVANS, J.—The two banks involved in this litigation were very closely related in their business interests. The defendant Butterfield was the president and principal owner of the plaintiff bank, and was cashier and principal manager of the defendant bank. The plaintiff bank was a private bank with a capital of $10,000, owned by defendant Butterfield and the plaintiff Keyser. The interest of Butterfield therein was nine tenths thereof, and the interest of Keyser was one tenth thereof. The defendant bank was a national bank, the stock of which was largely owned by Butterfield. According to the allegations of the petition and the findings of the decree, the defendant bank had become indebted to the plaintiff bank in a long running account for more than $40,000. Butterfield refused his consent to the enforcement of the claim of the plaintiff bank. The other partner, Keyser, having become mentally incompetent, his guardians prosecuted this action for the plaintiff bank. They made Butterfield a party defendant.

1. PLEADING: petition: prayer for relief: sufficiency: practical construction of parties: estoppel.

Both defendants appeared by the same counsel and continued to be represented by the same counsel throughout the proceedings. At the close of the evidence, and at the time of the taking of the submission of the case, counsel for the defendants suggested to the court that, if any judgment were found against the defendant bank, it ought to be found against both defendants, and that the right of subrogation be recognized between the two defendants. The reason for this suggestion was to be found in the evidence, and appeared in the later findings of the decree. The trial court found an indebtedness against the defendant bank in favor of the plaintiff for more than $46,000. It further found that $37,000 of this indebtedness was created by the wrong-doing of the defendant Butterfield, its cashier. As to such amount, judgment was entered also against the defendant Butterfield, with a provision in the decree that, in the event that the judgment should be satisfied by the defendant bank, it should have the right of subrogation against Butterfield to the extent of $37,000. From this part of the decree, Butterfield has appealed. The appeal is submitted here upon the sole ground that the pleadings warranted no judgment against the defendant Butterfield. The evidence is not presented to us in the abstract. The defendant concedes that, for the purpose of this appeal, the evidence must be deemed sufficient to have warranted the decree if it was permissible under the pleading. The petition did not in terms pray judgment against Butterfield for any specific amount. Paragraph 2 of the petition was as follows:

"That C. D. Butterfield fails, refuses and neglects to bring this action and join with the other plaintiffs in said action; that plaintiffs have made the defendant, C. D. Butterfield, a party defendant, so that all his interests, rights and liabilities could be adjudicated in this action, so far as same are involved in the cause of action sued upon."

Paragraph 5 of the petition was as follows:

"That, as before stated, the items are numerous, involved and complicated, and that there never has been a full and complete settlement and adjustment between the parties hereto; and plaintiffs ask the court for an account between the plaintiff bank and the defendant bank, and that the plaintiff bank have judgment for $43,028.13, or whatever sum the court shall find due the plaintiff bank from the Farmers' National Bank, defendant herein, and for such further and other relief as in equity and good conscience the court shall find the plaintiff is entitled; and general, equitable relief."

The contention for the appellant is that the prayer of the petition, above set forth, was directed solely against the defendant bank. The contention for the appellee is that, in the light of Paragraph 2 of the petition, the prayer for equitable relief should be construed as applying to both defendants. Manifestly, Butterfield was made a defendant for some purpose. Such purpose is stated in Paragraph 2 to be "that all his interests, rights and liabilities could be adjudicated in this action." A partner could not be subjected to judgment in favor of his co-partner or the partnership except upon an accounting. Such accounting being had, its final expression would be in the form of a judgment for whatever might be found due. If necessary to the support of this decree, we must presume that the evidence shows that the necessary accounting was had. The petition at least would have justified such accounting.

The defendants saw fit to defend against the plaintiffs by the same counsel. It was competent for them to do so and thereby to agree between themselves as to their own mutual obligations to each other. The plaintiff could not require them to appear by separate counsel. The portion

of the decree appealed from was incorporated therein at the request of defendants' counsel. We quote from the decree as follows:

"Upon the suggestion of counsel for the defendant that, if a judgment is rendered herein against the Farmers National Bank, there should also be a judgment in this case against C. D. Butterfield in favor of the plaintiff, under plaintiffs' general prayer for equitable relief, and that, upon the payment by the defendant, the Farmers National Bank, of the judgment entered herein in favor of the plaintiff against the defendants the Farmers National Bank, said Farmers National Bank should be subrogated to the rights of the plaintiff under the judgment in favor of the plaintiff, against C. D. Butterfield."

It is seen that at this time the defendants construed the prayer of the petition for general equitable relief, as sufficiently broad to apply to the defendant Butterfield. Granting that the petition is in fact ambiguous in this respect, and that it might be deemed capable of the contrary construction, yet we think that the construction voluntarily adopted by the parties at the time of the submission of the case ought to be adopted now.

Furthermore, why should the plaintiff 2. Appeal and Error: persons entitled to allege error: inviting action complained of. be required to defend an appeal from a portion of a decree which was incorporated therein at the request of the defendants? Could the defendants be deemed as objecting or excepting to this part of the decree at the very time that their counsel suggested it? As to plaintiff at least, the suggestion made cannot be deemed less than a waiver of objection thereto, and therefore a waiver of appeal therefrom.

As between the two defendants, a somewhat different question is presented. In taking his appeal, Butterfield served notice of appeal upon his co-defendant. The decree predicates the liability of the defendant bank to the extent of $37,000 upon the wrongdoing of Butterfield as agent for the bank. It must be presumed that the evidence sustained this finding. As between the two defendants, therefore, the liability of Butterfield was primary and that of the bank was secondary, though the liability of each was absolute as to the plaintiff. This finding of fact was clearly within the pleading. The only complaint urged by the appellant as against the defendant bank is that the decree provided for a subrogation, in the event that the plaintiffs' judgment should be satisfied by the defendant bank. If this provision were entirely omitted, it would not take away the ultimate right of the bank to recover over from Butterfield the full amount which it had been compelled to pay through his wrong. The provision complained of, therefore, was entirely consistent with the ultimate rights of the parties, and was consistent with their joint defense and their representation by the same counsel. What was done by counsel was so done presumably with the knowledge of both clients. There is no claim that counsel acted in bad faith toward either client.

3. SUBROGATION: action to enforce: form of decree: principal and agent.

Upon the whole record, therefore, we see no equity in the appeal. We think the petition was at least capable of the construction which court and counsel put upon it. This of itself is decisive of the appeal. The decree of the lower court is, therefore,—*Affirmed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.